THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRANK CASUSO, WALTER LEGENZA AND FRANK WUNKOWSKI, PLAINTIFFS IN ERROR.

Argued October term, 1927—Decided January 26, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiffs in error, *Edward M. Salley* and *George E. Cutley.*

For the state, *John E. Toolan.*

PER CURIAM.

This case is before the court on a strict bill of exceptions, and also under the one hundred and thirty-sixth section of the Criminal Procedure act.

The three defendants were convicted in the Middlesex Quarter Sessions of robbery. The state's case disclosed that about three o'clock A. M. July 6th, 1926, a number of masked men, one of whom wore a policeman's uniform, entered the plant of the Castle Ice Cream Company, in Perth Amboy, cut the telephone wire, rounded up the watchman and other employes at the point of guns; bound them with copper wire; blew the safe open and stole its contents, consisting of bonds, checks and cash amounting to $29,000. Two of the ice cream company's employes identified the defendant Casuso as one of the participants in the robbery, and Casuso does not join in this appeal.

The three defendants occupied a house in Woodbridge during the month of June, which house had been rented by Wunkowski under an assumed name. On July 2d the defendants moved up to a house in South Plainfield, which had been rented by the owner to a man for occupancy by himself and Wunkowski, but which, in fact, was occupied by the three defendants and others. The defendant Wunkowski and another man visited the ice cream company plant about a week previous to the robbery, and ordered ice cream sent to a fictitious address. The three defendants were at the Plainfield house on the evening of July 5th, and also at noon on July 6th, at which time they expressed their disappointment in not getting as much cash as they had expected from the adventure.

In an automobile used by Wunkowski, and stored in a garage hired for him, were found a policeman's hat and coat. At the time of Wunkowski's arrest there were found about his person $703 in cash and keys fitting the house in Woodbridge,

the house in South Plainfield, and the garage in which his car was found.

The defendant Legenza threw the contents of a bag into the river, stating that they were checks. On July 10th a new Peerless car was sold to Legenza, his brother paying $1,995 therefor.

At the Plainfield house the police found bags, one of which contained $429 in small coin; the bags were similar to those furnished by the bank to the ice cream company; the coin had a salty taste, as did also the coin collected by the drivers of the ice cream company. Several coils of wire were also found, the wire being similar to that used in tying the company's employes. There were also found in the house a revolver, fuse wire, torch tips and nitro-glycerine dynamite sticks. None of the defendants testified, nor did they produce any witnesses in their behalf.

It is contended that the court erred in refusing to direct a verdict at the close of the state's case, and at the close of the entire case, and that the verdict was contrary to the weight of the evidence. This, manifestly, is without merit or substance.

It is next contended that there was errror in the court's charge. A certain witness testifies that Wunkowski and Legenza were two of the conspirators who acted with Casuso. "There can be no doubt that a robbery took place, because it is not denied at all," &c. This, obviously, was a statement of undisputed fact, and we are at a loss to perceive why exception was taken to it.

The conviction will be affirmed.